**Henry L. PATTERSON, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C6–03–247.

Supreme Court of Minnesota.

Oct. 23, 2003.

Sara Goldman, Freedom Forum of New York City, New York, NY, Stephen W. Cooper, Minneapolis, MN, for Appellants.

Michael A. Hatch, Minnesota Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Jean Elizabeth Burdorf, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

RUSSELL A. ANDERSON, Justice.

Henry Laverne Patterson was found guilty, following a jury trial, of first-degree

premeditated murder for the death of three people and on direct appeal we affirmed. *State v. Patterson*, 587 N.W.2d 45 (Minn.1998). In 2002, Patterson petitioned for postconviction relief, alleging that he was denied effective assistance of counsel at trial and also alleging that the trial court was without jurisdiction because "various elements of the offense were not charged in the complaint, or found by the jury." He also claimed that he was denied access to the trial record. The postconviction court, without an evidentiary hearing, denied Patterson's petition and we affirm.

■■■ On review of a postconviction court's denial without an evidentiary hearing of a petition for postconviction relief, we resolve any doubts about whether an evidentiary hearing is required in favor of the petitioner; yet if the petition, files and record conclusively show that the petitioner is entitled to no relief, we will not require an evidentiary hearing. Minn. Stat. § 590.04, subd. 1 (2002); *Boitnott v. State*, 582 N.W.2d 243, 245 (Minn.1998).[1] We conclude, as did the postconviction court, that the petition, files and record conclusively show that Patterson is entitled to no relief.

We consider first whether the postconviction court erred by denying without evidentiary hearing Patterson's claim of ineffective assistance of trial counsel. The gist of Patterson's ineffective assistance claim is that an "alibi" witness, Leonard McAdoo, was not permitted to testify because Patterson's trial counsel failed to give notice of an alibi defense and also failed to disclose McAdoo as a witness. On direct appeal we reviewed the trial court's evidentiary ruling precluding McA-

doo from testifying and held that the trial court had not abused its discretion and, further, that Patterson was not prejudiced by the ruling. To give context to our consideration of his postconviction claim, we repeat essential facts from our earlier opinion.

Patterson was convicted of three counts of first-degree premeditated murder for the deaths of his ex-girlfriend's mother, the mother's 9–year–old son, and a 13–year–old neighbor. On direct appeal we affirmed. The bodies of the three victims were found in the basement of the mother's townhome on the morning of June 28, 1996. The estimated time of death was that morning, between 12 and 1 a.m. The victims' injuries included knife wounds, blunt force injuries to the face, head wounds caused by a hammer, and strangulation. Antonio Brayboy, who pleaded guilty pursuant to a plea agreement to three counts of accessory to first-degree murder, watched Patterson murder the victims and testified in great detail as to the instruments Patterson used, the location and types of wounds inflicted, and the order in which the wounds were inflicted. Brayboy's testimony was in accord with reports of the medical examiner and various investigators.

After both the state and defense rested, and immediately before final argument, Patterson's trial counsel attempted to call Leonard McAdoo, Patterson's chemical-abuse counselor. McAdoo was expected to testify that he had a counseling session with Patterson between 4:00 and 4:45 p.m. on June 27, 1996, some 7 to 8 hours before the estimated time of the murders. McAdoo's testimony was intended to impeach

---

**1.** Patterson suggests that this standard is improper in light of the United States Supreme Court decision of *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). But *Miller–El* involves the jurisdic-

tional prerequisite for obtaining review of the denial of habeas relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 and is therefore inapposite here. *See Miller–El*, 123 S.Ct. at 1034.

Brayboy's testimony and the testimony of others as to Patterson's whereabouts between 4:00 and 4:45 p.m. Patterson's trial counsel, who had failed to disclose McAdoo as a witness, alleged a mix-up regarding the import of McAdoo's testimony although the record indicated the nondisclosure had been calculated. As a sanction for nondisclosure of the witness, the trial court did not allow McAdoo to testify.

On direct appeal, we held that the trial court did not abuse its discretion by precluding the testimony of McAdoo as a sanction for failing to disclose the witness. We concluded that the state would have had no reasonable means of rectifying the prejudice to the state. We also concluded that "McAdoo's testimony was not crucial to Patterson's defense," that it would have been cumulative and would have impeached only the testimony of other witnesses regarding the timeframe of earlier events leading up to the murders. *Patterson*, 587 N.W.2d at 51. We concluded that "[t]he preclusion of such testimony did not impede Patterson's ability to present a defense." *Id.*

Patterson has revived the evidentiary ruling regarding witness McAdoo to support his postconviction claim that he was denied effective assistance of counsel at trial. The postconviction court denied the claim without an evidentiary hearing, relying in part on the determination in our earlier opinion that Patterson was not prejudiced by the preclusion of McAdoo's testimony.

■■■ In order to support his ineffective-assistance claims, Patterson must allege facts that demonstrate (1) that his trial counsel's performance fell below an objective standard of reasonableness,

which we refer to as the performance prong; and (2) that there is a reasonable probability that, but for counsel's errors, the result of the murder trial would have been different, which we refer to as the prejudice prong. *Gates v. State,* 398 N.W.2d 558, 561 (Minn.1987) (citing *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We need not address both the performance and prejudice prongs if one is determinative. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. In our case, the prejudice prong is determinative.

■■■ Under the prejudice prong, Patterson must allege facts that demonstrate that there is a reasonable probability that, but for his counsel's errors, the result of the trial would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Gates,* 398 N.W.2d at 561 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). Under *Strickland,* Patterson has the burden of actually showing that, absent counsel's errors, the jury would have had a reasonable doubt respecting guilt and thus the outcome of the trial would likely have been different. 466 U.S. at 694, 104 S.Ct. 2052; *Gates,* 398 N.W.2d at 563. On direct appeal, however, we considered the consequences of trial counsel's failure to give notice of the witness and concluded that the preclusion of McAdoo's testimony was not prejudicial. "McAdoo's testimony would have been cumulative and covered a time frame hours before the murders. The preclusion of such testimony did not impede Patterson's ability to present a defense." *Patterson,* 587 N.W.2d at 51.[2] Since Patterson cannot satisfy the prejudice prong of *Strickland,*

---

**2.** That the preclusion of McAdoo's testimony was not prejudicial to Patterson is no longer open to review. *See Zenanko v. State,* 587 N.W.2d 642, 645 (Minn.1998) (basing claim on an issue "specifically addressed on direct appeal is without merit."); *Black v. State,* 560 N.W.2d 83, 86 (Minn.1997).

he is not entitled to an evidentiary hearing. We hold that Patterson's ineffective assistance of counsel claim fails the prejudice prong of *Strickland v. Washington* and that the postconviction court did not abuse its discretion by denying the claim without evidentiary hearing.

█ We next consider Patterson's allegation that the trial court was without jurisdiction because "various elements of the offense were not charged in the complaint, or found by the jury." Patterson has failed to identify the "various elements" not charged or found by the jury, and we have made plain that an evidentiary hearing is not required when the allegations in a postconviction petition are merely argumentative assertions without factual support. *Ferguson v. State,* 645 N.W.2d 437, 446 (Minn.2002). We conclude that Patterson's allegations regarding jurisdiction are mere argumentative assertions without any factual support and that an evidentiary hearing is not required.

Finally, we consider Patterson's claim that he has been denied access to the trial record. Patterson alleges that the trial record has been destroyed. The record, however, has been retained by the Hennepin County Court Administrator, having been returned to the court administrator after judgment had been entered on Patterson's direct appeal. *See* Minn. R.Crim. P. 29.03, subd. 4 and 28.02, subd. 9; Minn. R. Civ.App. P. 111.04 and 136.03, subd. 2. We hold that there is no merit to Patterson's claim that he has been denied access to the record.

Affirmed.