Derrick Delmar **BROCKS,**
petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. A07–2146.

Supreme Court of Minnesota.

July 31, 2008.

Derrick Delmar Brocks, Stillwater, MN, pro se appellant.

Lori Swanson, Minnesota Atty. Gen., St. Paul, MN, Michael O. Freeman, Hennepin County Atty., Lee W. Barry, Michael K. Walz, Asst. Hennepin County Attys., Minneapolis, MN, for respondent State of Minnesota.

## OPINION

DIETZEN, Justice.

Following a jury trial, appellant Derrick Delmar Brocks was convicted of first-degree murder for the August 17, 1996,

shooting death of James Nunn. We affirmed Brocks's conviction on direct appeal. *State v. Brocks,* 587 N.W.2d 37, 39 (Minn.1998). Brocks subsequently filed a petition for postconviction relief, arguing that ineffective assistance of trial counsel deprived him of a fair trial and that he was denied effective assistance of appellate counsel. The postconviction court denied his petition without an evidentiary hearing. We affirm.

In August 1997, Brocks was convicted of first-degree murder, in violation of Minn. Stat. § 609.185(1) (2000).[1] Brocks shot James Nunn seven times on August 17, 1996. *Brocks,* 587 N.W.2d at 39. At trial, Brocks did not dispute that he shot Nunn; but he claimed that he acted in self-defense. *Id.* at 40. On direct appeal, Brocks argued that the district court erred by denying his request that the jury be instructed on manslaughter in the first degree (heat of passion) as a lesser-included offense. *Id.* In his supplemental pro se brief, Brocks argued that the evidence was insufficient to support his conviction for premeditated murder and that he did not receive effective assistance of trial counsel. *Id.* at 41–42.

Brocks filed this petition for postconviction relief, arguing that he was denied the effective assistance of both trial and appellate counsel, that there was not sufficient evidence of premeditation to convict, and that the indictment was constitutionally inadequate.[2] The postconviction court denied Brocks's petition, determining that his ineffective assistance of trial and appellate counsel claims were procedurally barred and that he had not alleged suffi-

cient facts to receive an evidentiary hearing. This appeal followed.

■ When reviewing a district court's denial of postconviction relief, we review issues of law de novo; on factual matters our review is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. *Leake v. State,* 737 N.W.2d 531, 535 (Minn.2007).

■ A person convicted of a crime may file a petition seeking postconviction relief. Minn.Stat. § 590.01, subd. 1 (2006). The petition must contain a statement of the facts and the grounds upon which the petition is based. Minn.Stat. § 590.02, subd. 1(1) (2006). A district court is required to conduct an evidentiary hearing on a postconviction petition unless the issues raised in the petition conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2006); *Carney v. State,* 692 N.W.2d 888, 891 (Minn.2005); *Roby v. State,* 531 N.W.2d 482, 483 (Minn. 1995). We resolve any doubts about whether an evidentiary hearing is required in favor of the petitioner. *Patterson v. State,* 670 N.W.2d 439, 441 (Minn.2003). But a petitioner's allegations " 'must be more than argumentative assertions without factual support.' " *Stutelberg v. State,* 741 N.W.2d 867, 872 (Minn.2007) (quoting *Leake,* 737 N.W.2d at 535).

■ Under *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976), once a direct appeal has been concluded, all claims raised in that appeal, all claims known at the time of that appeal, and all claims that should have been known at the time of that appeal will not be considered

---

[1] A detailed statement of the facts can be found in our opinion on Brocks's direct appeal at *State v. Brocks,* 587 N.W.2d 37, 38–40 (Minn.1998).

[2] Brocks has failed to raise either his claim of insufficient evidence or his challenge to the validity of the indictment in this appeal. Therefore, we do not consider whether the district court erred in denying relief on those grounds.

in a subsequent petition for postconviction relief. *Leake,* 737 N.W.2d at 535; *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741. But there are two exceptions to the *Knaffla* rule. *Leake,* 737 N.W.2d at 535. First, if a claim is known to a defendant at the time of direct appeal but is not raised, it will not be barred by the rule if it is so novel that "its legal basis was not reasonably available when direct appeal was taken." *Id.* "Second, even if the claim's legal basis was sufficiently available, substantive review may be allowed 'when fairness so requires and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal.'" *Id.* (quoting *Russell v. State,* 562 N.W.2d 670, 672 (Minn.1997)).

■■■ Brocks argues that the postconviction court erred in denying his petition and rejecting his claim of ineffective assistance of counsel. Specifically, he contends that his trial counsel had a conflict of interest based on a prior relationship with the victim's father; that his trial counsel undermined his case by advising him to discuss his involvement in drug dealing and to claim self-defense; that his trial counsel failed to timely communicate his acceptance of the State's offer for him to plead guilty to second-degree murder; and that his appellate counsel was ineffective by "allow[ing] the supreme court to use the wrong standard of review regarding the conflict of interest." Brocks further contends that the postconviction court erred in failing to conduct an evidentiary hearing to explore the extent of his trial counsel's alleged conflict of interest. The State argues that Brocks raised and litigated claims of ineffective assistance of trial counsel in his direct appeal and, therefore, these claims are barred by the rule in *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741. The State also argues that Brocks was not denied effective assistance of appellate counsel.[3]

On direct appeal, we considered Brocks's claims that trial counsel was ineffective due to an alleged conflict of interest, and that trial counsel undermined his case by having Brocks discuss his involvement in drug dealing and claim self-defense. *Brocks,* 587 N.W.2d at 42–44. We rejected his argument, concluding that "there [was] no evidence that defense counsel provided Brocks with ineffective assistance of counsel." *Id.* at 43–44 (rejecting arguments that Brocks's "counsel had a conflict of interest because, in the past, he had worked with and been a friend to the victim's father"; that his counsel "undermined his case by advising him to discuss his involvement in drug dealing"; and that "his counsel undermined his case by advising him to claim self-defense").

Brocks further argues that his claims fall within the two exceptions recognized by *Knaffla.* But the *Knaffla* exceptions apply only to claims that a defendant failed to raise on direct appeal. *Leake,* 737 N.W.2d at 535 (explaining that the first exception applies when a claim was "not raised" on direct appeal and that the second exception applies when a petitioner "fail[ed] to raise" an issue on direct appeal). Thus, the two exceptions to *Knaffla* do not apply. Consequently, we conclude

---

**3.** On appeal, the State indicates that Brocks's petition is "untimely," but fails to brief or argue the basis for this contention. Failure to brief or argue an issue on appeal results in waiver of that issue on appeal. *See McKenzie v. State,* 583 N.W.2d 744, 746 n. 1 (Minn. 1998) (indicating that although appellant "allude[d]" to issues, failure to "address them in the argument portion of his brief" constituted waiver); *State v. Grecinger,* 569 N.W.2d 189, 193 n. 8 (Minn.1997) ("issues not argued in briefs are deemed waived on appeal"); *accord Peterson v. BASF Corp.,* 711 N.W.2d 470, 482 (Minn.2006). Therefore, we conclude that the State has waived this issue on appeal.

that Brocks's claims of ineffective assistance of trial counsel due to a conflict of interest and poor trial strategy are barred by *Knaffla.*

■ Brocks next argues, for the first time on appeal, that his trial counsel failed to promptly communicate his acceptance of an alleged offer that he plead guilty to a reduced charge. Specifically, Brocks alleges that his trial counsel visited him at the Hennepin County Jail on the Friday before trial, and informed him that the prosecutor offered to dismiss the first-degree murder charge if Brocks pleaded guilty to second-degree murder. Brocks contends that he accepted the offer on Friday and that his attorney delayed communicating acceptance of the offer until the first day of trial on Monday, but that the prosecutor withdrew the offer before it was accepted.[4] Brocks requested an evidentiary hearing on the ground that the trial court record does not "adequately reflect this issue" or show why trial counsel "waited to accept the plea deal."

■ Brocks did not raise this issue in his petition or the memorandum of law accompanying the petition; therefore, the postconviction court did not consider it. It is well settled that claims raised for the first time on appeal "are forfeited for purposes of the appeal." *Schleicher v. State,* 718 N.W.2d 440, 445 (Minn.2006). As a result, we conclude that this issue is not properly before us, and we decline to address it. *See Powers v. State,* 731 N.W.2d 499, 502 (Minn.2007) (declining to consider postconviction appellant's argument not raised before the postconviction court); *Azure v. State,* 700 N.W.2d 443, 446–47 (Minn.2005) (declining to consider postconviction appellant's claim of ineffective as-

sistance of appellate counsel as not properly before the court when it was raised for the first time on appeal from a postconviction court's denial of relief).

Finally, Brocks argues that appellate counsel was ineffective because he "allowed the supreme court to use the wrong standard of review regarding the conflict of interest." Essentially, Brocks argues that his appellate counsel failed to argue that, because there was sufficient evidence of the appearance of a conflict of interest, the district court had the duty to conduct an evidentiary hearing on the issue.

■ Claims of ineffective assistance of appellate counsel on direct appeal are not barred by *Knaffla* in a first postconviction appeal because they could not have been brought at any earlier time. *Leake,* 737 N.W.2d at 536. But to prevail on a claim of ineffective assistance of appellate counsel grounded on a claim that trial counsel was ineffective, Brocks "must first show that trial counsel was ineffective." *Fields v. State,* 733 N.W.2d 465, 468 (Minn. 2007). Specifically, an appellant must show (1) that " 'counsel's representation fell below an objective standard of reasonableness,' " and (2) " 'but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

This court previously rejected on direct appeal Brocks's claim that his trial counsel was ineffective due to an alleged conflict of interest. *Brocks,* 587 N.W.2d at 44. Brocks has failed to present any facts in his postconviction petition that would support his claim of ineffective assistance of

---

**4.** Brocks's recollection of the dates and days of the week is not entirely accurate. He alleges that the visit took place on Friday, August 16, 1997, and that the trial began on Monday, August 19, 1997. August 16, 1997, fell on a Saturday, and the trial began on the following Tuesday, August 19, 1997.

trial counsel under *Strickland,* or that would require an evidentiary hearing. *See Leake,* 737 N.W.2d at 536 (requiring postconviction petitioner to allege facts that if established would show counsel's representation fell below an objective standard of reasonableness and that, "but for the errors, the result would have been different"). Thus, we conclude that the postconviction court did not err in denying Brocks's petition for postconviction relief without an evidentiary hearing on that issue. *See id.*

Brocks's ineffective assistance of appellate counsel claim is also without merit. *See Fields,* 733 N.W.2d at 468 (concluding that there was no merit to appellant's claim that his appellate attorney provided ineffective assistance of counsel by deciding not to pursue a meritless claim that trial counsel was ineffective); *Sutherlin v. State,* 574 N.W.2d 428, 435 (Minn.1998) (same).

We therefore hold that the postconviction court did not err in summarily denying Brocks's petition for postconviction relief.

Affirmed.