STATE OF MINNESOTA

IN SUPREME COURT

A15-2096

Hennepin County                                                           Gildea, C.J.

Derrick Delmar Brocks,

　　　　　Appellant,

vs.                                                                          Filed:  August 10, 2016
                                                                             Office of Appellate Courts
State of Minnesota,

　　　　　Respondent.

_____

Derrick Delmar Brocks, Stillwater, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota, for respondent.

_____

S Y L L A B U S

Because appellant's postconviction petition was untimely and failed to satisfy any exception to the postconviction statute of limitations, the postconviction court did not abuse its discretion in summarily denying appellant relief.

Affirmed.

Considered and decided by the court without oral argument.

1

OPINION

GILDEA, Chief Justice.

Appellant Derrick Delmar Brocks appeals from the summary denial of his petition for postconviction relief, filed under Minn. Stat. § 590.01, subd. 1 (2014). The postconviction court concluded that Brocks's petition was both untimely and procedurally barred. Because the record conclusively establishes that Brocks's postconviction petition is untimely, we affirm.

Following a jury trial, the Hennepin County District Court convicted Brocks of first-degree premeditated murder for the shooting death of James Nunn.[1] The district court sentenced Brocks to life imprisonment without the possibility of release. On direct appeal, Brocks argued, among other things, that the court abused its discretion by denying his request to instruct the jury on the lesser-included offense of manslaughter in the first degree. *State v. Brocks* (*Brocks I*), 587 N.W.2d 37, 39 (Minn. 1998). In a supplemental pro se brief, Brocks raised a number of additional issues, including a claim that he received ineffective assistance of trial counsel due to a conflict of interest based on his trial counsel's past relationship with the victim's father. *Id.* at 39, 43-44. We affirmed Brocks's conviction. *Id.* at 44.

In 2007, Brocks filed his first petition for postconviction relief. In that petition, Brocks reasserted that his trial counsel was ineffective due to a conflict of interest. In

---

[1] We fully discussed the facts supporting Brocks's conviction on direct appeal. *State v. Brocks* (*Brocks I*), 587 N.W.2d 37, 38-40 (Minn. 1998). We recount here only those facts pertinent to this appeal.

addition, Brocks argued that his appellate counsel was ineffective because our court used the wrong "standard of review" to evaluate his conflict-of-interest claim.

The postconviction court summarily denied relief, and we affirmed. *Brocks v. State* (*Brocks II*), 753 N.W.2d 672, 673 (Minn. 2008). Having previously rejected the conflict-of-interest claim in *Brocks I* as being unsupported by the record, we concluded that the claim was *Knaffla* barred and that neither of the *Knaffla* exceptions applied. *Id.* at 675-76. Next, we rejected the ineffective-assistance-of-appellate-counsel claim, reasoning that Brocks failed to present any facts that would support the alleged conflict of interest and, consequently, appellate counsel had no obligation to pursue that meritless claim. *Id.* at 676-77. Finally, we declined to consider Brocks's claim that his trial counsel was ineffective for failing "to promptly communicate his acceptance of an alleged offer" from the State to plead guilty to a reduced charge, because Brocks forfeited that claim by failing to raise it before the postconviction court. *Id.* at 676.

Brocks filed two more postconviction petitions in 2010 and 2013. In both petitions, he argued that his trial counsel was ineffective for failing to timely communicate Brocks's acceptance of the State's alleged offer to plead guilty to a reduced charge. The postconviction court denied each petition.

On July 16, 2015, Brocks filed the present petition for postconviction relief. In this petition, Brocks again argued that his Sixth Amendment right to effective assistance of trial counsel was violated due to a conflict of interest and that we applied the wrong precedent in assessing this claim during his direct appeal. According to Brocks, precedent regarding "per se conflicts of interest," not conflicts arising from mutual or joint representation, was

3

applicable to his claim. He also argued that an evidentiary hearing was required to allow him to establish that his trial counsel had a per se conflict of interest.

The postconviction court summarily denied the petition as both untimely and procedurally barred. The court concluded that Brocks failed to file his petition by the deadline in Minn. Stat. § 590.01, subd. 4(a). Adopting a liberal construction of the petition, the court determined that the petition sufficiently invoked the interests-of-justice exception to the statute of limitations. *See id.* But the court concluded that the petition did not satisfy that exception. The court also held, in the alternative, that our rule in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), and its recent statutory counterparts, Minn. Stat. §§ 590.01, subds. 1, 3 (2014), barred the petition.[2] This appeal follows.

On appeal, Brocks argues that his petition was not untimely and that the *Knaffla* rule does not bar the petition. The State contends, for its part, that we should affirm the postconviction court's determinations that the petition was untimely filed and that the *Knaffla* rule bars the petition. We review the denial of postconviction relief for an abuse of discretion. *Francis v. State*, 829 N.W.2d 415, 419 (Minn. 2013). The postconviction

---

[2]     The *Knaffla* rule provides that "[o]nce a direct appeal has been taken, all claims that were raised in the direct appeal and all claims that were known or should have been known but were not raised will not be considered upon a subsequent petition for postconviction relief." *White v. State*, 711 N.W.2d 106, 109 (Minn. 2006) (citing *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741). The postconviction statute now similarly provides that "[t]he court may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case." Minn. Stat. § 590.04, subd. 3 (2014). Furthermore, Minn. Stat. § 590.01, subd. 1, states that "[a] petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence."

statute provides that an evidentiary hearing need not be granted if the files and records of the postconviction proceeding conclusively establish that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014). We have accordingly recognized that a postconviction court may summarily deny a claim that is untimely or procedurally barred. *Colbert v. State*, 870 N.W.2d 616, 622 (Minn. 2015).

I.

We turn first to the postconviction court's determination that Brocks's petition must be dismissed because it was filed after the statute of limitations in the postconviction statute had expired. In general, a petition for postconviction relief is untimely if it is filed "more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a). For convictions that became "final" prior to August 1, 2005—the date that the postconviction statute of limitations first took effect—the Legislature provided an additional 2-year period in which to file a petition. *See Stewart v. State*, 764 N.W.2d 32, 34 (Minn. 2009) (citing Act of June 2, 2005, ch. 136, art. 14, § 13, 1999 Minn. Laws 901, 1097-98). Brocks's conviction became final in March of 1999, 90 days after the disposition of his direct appeal in December of 1998, *Brocks I*, 587 N.W.2d at 44. *See Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013) (explaining that a conviction becomes "final" 90 days after our disposition on direct appeal if no writ of certiorari is filed with the United States Supreme Court). Because Brocks's conviction became final before August 1, 2005, he had until August 1, 2007 to file the present petition. Brocks filed this petition on July 16, 2015, nearly 8 years past the deadline. Brocks's

petition is therefore untimely absent an applicable exception to the statute of limitations. *See* Minn. Stat. § 590.01, subd. 4(b) (listing exceptions to the statute of limitations).

To satisfy an exception to the statute of limitations, the petitioner must: (1) invoke an exception in the petition; (2) satisfy the terms of that exception; and (3) file the petition properly invoking the exception within 2 years of the date that the claimed exception arose. *Rickert v. State*, 795 N.W.2d 236, 241-42 (Minn. 2011) (citing Minn. Stat. § 590.01, subd. 4(b)-(c)). Liberally construing the petition, the postconviction court summarily concluded that Brocks sufficiently invoked the interests-of-justice exception in Minn. Stat. § 590.01, subd. 4(b)(5). *See* Minn. Stat. § 590.03 (2014) (requiring that the court "liberally construe" postconviction petitions); *Rickert*, 795 N.W.2d at 241 (explaining that a specific citation to the statute is not necessary to invoke an exception, but can be implied from the statement of facts and the grounds upon which the petition is based). We need not decide whether the postconviction court was correct in its liberal construction of the petition because Brocks fails to satisfy the exception in any event.

The interests-of-justice exception requires that the petition not be "frivolous," and that its belated consideration be in the "interests of justice." *Wallace v. State*, 820 N.W.2d 843, 849 (Minn. 2012); *see also* Minn. Stat. § 590.01, subd. 4(b)(5) (requiring that the petitioner establish "to the satisfaction of the court that the petition is not frivolous and is in the interests of justice"). If either of those requirements is not met, the interests-of-justice exception is not satisfied. *Wallace*, 820 N.W.2d at 849.

A petition is "frivolous" for purposes of the interests-of-justice exception, "if it is perfectly apparent, without argument, that the petition is without merit." *Rickert*,

795 N.W.2d at 241 (quoting *Gassler v. State*, 787 N.W.2d 575 (Minn. 2010)). We have recognized that a petition is frivolous if it is procedurally barred. *Wallace*, 820 N.W.2d at 850.

Brocks's petition is frivolous because it is procedurally barred. It is plain that the claim raised in this fourth successive postconviction appeal, which was both known and raised in Brocks's direct appeal and in his first postconviction appeal, is procedurally barred under *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. Our case law recognizes two exceptions to the *Knaffla* bar. *See, e.g.*, *McKenzie v. State*, 754 N.W.2d 366, 369 (Minn. 2008).[3] But Brocks did not raise either exception in the postconviction court. Brocks has, therefore, forfeited any contention that either exception applies. *See Schleicher v. State*, 718 N.W.2d 440, 445 (Minn. 2006).[4]

---

[3]   We have yet to decide whether the two exceptions to the *Knaffla* bar remain viable after the codification of the statutory counterparts. *See, e.g.*, *Colbert*, 870 N.W.2d at 626 n.9. It is likewise not necessary to resolve that question in this case because, as explained below, Brocks has forfeited any contention that either *Knaffla* exception applies.

[4]   On appeal, Brocks argues that the second exception to the *Knaffla* bar operates here. This exception applies "as fairness requires when the claim has substantive merit and the petitioner did not deliberately and inexcusably fail to raise the issue in the direct appeal." *Colbert*, 870 N.W.2d at 626. As we explained in Brocks's first postconviction appeal, "the *Knaffla* exceptions apply only to claims that a defendant failed to raise on direct appeal." *Brocks II*, 753 N.W.2d at 675. Accordingly, even if we were to determine that Brocks had not forfeited his claim that an exception to *Knaffla* applies, the exception does not apply here because Brocks raised the same claim he is now raising on appeal—the conflict-of-interest claim—in his direct appeal and in earlier postconviction proceedings. Brocks, therefore, cannot take advantage of the *Knaffla* exception.

Because Brocks's petition is untimely and therefore "frivolous," the petition does not satisfy the interests-of-justice exception and was properly denied. Accordingly, we hold that the postconviction court did not abuse its discretion in summarily denying relief.

Affirmed.