Darryl COLBERT, Appellant,

v.

STATE of Minnesota, Respondent.

No. A11–0717.

Supreme Court of Minnesota.

Jan. 25, 2012.

Darryl Colbert, Bayport, MN, pro se.

Lori Swanson, Attorney General, Saint Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, MN, for respondent.

## OPINION

ANDERSON, G. BARRY, Justice.

In February 2005 appellant Darryl Colbert was convicted of premeditated first-degree murder, Minn.Stat. § 609.185(a)(1) (2010), and we affirmed Colbert's conviction on direct appeal. Colbert has subsequently filed five petitions for postconviction relief, and the postconviction court has denied each petition. Colbert appeals the postconviction court's denial of his fifth petition for postconviction relief. Because we conclude that Colbert's petition is time-barred under Minn.Stat. § 590.01, subd. 4 (2010), we affirm.

The facts of this case are set out in detail in our opinion affirming Colbert's conviction. *See State v. Colbert (Colbert I )*, 716 N.W.2d 647, 649–53 (Minn.2006).

We repeat here only what is necessary for this opinion. Following the December 26, 2003, shooting death of Robert Mitchell, Darryl Colbert was arrested and indicted for premeditated first-degree murder, Minn.Stat. § 609.185(a)(1), and second-degree intentional murder, Minn.Stat. § 609.19, subd. 1(1) (2010). *Colbert I*, 716 N.W.2d at 649. Colbert's first jury trial resulted in a hung jury and a mistrial. *Id.* The State retried Colbert and in February 2005, another jury found Colbert guilty of premeditated first-degree murder. *Id.* The district court imposed the mandatory sentence of life imprisonment. *Id.*

On direct appeal, Colbert raised the following three issues: (1) the evidence was insufficient to convict him; (2) the trial court erred by refusing to dismiss his case based on an alleged discovery violation by the State; and (3) the prosecutor committed prejudicial misconduct. *Id.* We found Colbert's claims to be meritless and we affirmed Colbert's conviction on July 6, 2006. *Id.* at 647, 654–57. Colbert subsequently petitioned for a writ of habeas corpus in federal court asserting the same three grounds for relief. *See Colbert v. Minnesota*, No. 06–4407, 2007 WL 4224214 (D.Minn. Nov. 28, 2007). The court denied the writ. *Id.* at *5.

In March 2008 Colbert filed his first petition for postconviction relief. Colbert alleged that (1) the evidence was insufficient to convict him; (2) the State committed a discovery violation; and (3) additional forensic testing would prove his innocence. The postconviction court denied Colbert's petition without a hearing. In his second petition for postconviction relief, filed in July 2008, Colbert argued (1) ineffective assistance of counsel and (2) that the State used illegally-seized evidence against him at trial. The postconviction court again denied Colbert's petition without a hearing. Colbert at-tempted to appeal the postconviction court's denial to our court, but we dismissed his appeal because he failed to timely file a notice of appeal. In December 2009 Colbert filed his third petition for postconviction relief, in which he asserted multiple deficiencies by his trial counsel amounting to ineffective assistance of counsel. Colbert amended this petition with additional claims in February 2010 (Colbert's fourth request for postconviction relief). The postconviction court also denied these petitions without a hearing.

On January 28, 2011, Colbert filed his fifth petition for postconviction relief. First, Colbert alleged that the police used unnecessarily suggestive identification techniques to coerce witnesses into positively identifying a car linking Colbert to the crime scene. Second, Colbert argued that an expert witness for the State impermissibly based his testimony on evidence seized from Colbert in violation of the Fourth Amendment to the U.S. Constitution. Third, Colbert alleged that the prosecutor committed misconduct by introducing an altered aerial photograph of the neighborhood where the murder occurred, by intentionally misstating the evidence, and by injecting her personal opinions into her closing argument. The postconviction court denied Colbert's petition because each of Colbert's claims was time-barred under Minn.Stat. § 590.01, subd. 4, and procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252–53, 243 N.W.2d 737, 741 (1976). Colbert now appeals from the postconviction court's denial of his fifth petition for postconviction relief.

When reviewing a denial of relief by a postconviction court, we review questions of law de novo. *Rickert v. State*, 795 N.W.2d 236, 239 (Minn.2011). "Our review of factual findings is limited to determining whether there is sufficient evidence in the

record to support the findings of the post-conviction court." *Id.*

■ We first address whether Colbert's petition for postconviction relief is time-barred under Minn.Stat. § 590.01, subd. 4. A person convicted of a crime who claims that the conviction violated the person's constitutional or legal rights may file a postconviction petition to secure relief. Minn.Stat. § 590.01, subd. 1 (2010). Generally, a person seeking relief has 2 years from the disposition of the person's direct appeal to file a petition. *See id.*, subd. 4(a)(2) ("No petition for postconviction relief may be filed more than two years after . . . an appellate court's disposition of petitioner's direct appeal."). A court may hear a postconviction petition after the expiration of the 2-year limitations period if the petitioner can establish that the petition satisfies one of the five exceptions provided in section 590.01, subdivision 4(b). Nonetheless, any petition invoking an exception under subdivision 4(b) must be filed within 2 years of the date when the claim arises. *See id.*, subd. 4(c).

Colbert argues that his petition satisfies the exception under section 590.01, subdivision 4(b)(5).[1] Specifically, Colbert asserts that the statute of limitations does not bar his petition because his petition "is not frivolous and is in the interests of justice." Minn.Stat. § 590.01, subd. 4(b)(5). The issue here is whether Colbert filed his claims within 2 years of the date

those claims arose. *See Roby v. State*, 787 N.W.2d 186, 191 (Minn.2010) (noting that before considering whether the petitioner has established an exception under subdivision 4(b), we first determine whether the petition was filed within the time limit established by Minn.Stat. § 590.01, subd. 4(c)).

Each of the claims in Colbert's petition challenges testimony given, evidence introduced, and statements made at trial. Colbert knew at trial of the eyewitness testimony based on allegedly suggestive identification procedures, the State's expert's reliance on the allegedly illegally-seized coat, and the State's use of the altered aerial photograph. Likewise, any statements made by the prosecutor during her closing argument were part of the trial record. Consequently, each of the claims that Colbert presents in his postconviction petition arose—at the latest—sometime in 2006. Colbert filed his present postconviction petition on January 28, 2011, well after the date required by section 590.01, subdivision 4(c).

■ We conclude that each claim contained in Colbert's petition was filed more than 2 years after it arose. *See* Minn.Stat. § 590.01, subd. 4(c).[2] Therefore, we hold that Minn.Stat. § 590.01, subd. 4 bars Colbert's petition, and we affirm the postconviction court's denial of Colbert's fifth peti-

1. The State argues that Colbert's petition failed to invoke an exception under section 590.01, subdivision 4(b). *See Rickert*, 795 N.W.2d at 241 ("[T]he petition must invoke an exception."). We assume without deciding that Colbert's petition sufficiently invoked the "interests of justice" exception in section 590.01, subdivision 4(b)(5).

2. Because we hold that review of Colbert's petition is barred by subdivision 4(c), we do not decide the merits of Colbert's argument that his petition is "not frivolous and in the

interests of justice." We note, however, that we only apply the "interests of justice" provision in exceptional situations, *see Gassler v. State*, 787 N.W.2d 575, 586 (Minn.2010), and Colbert's petition does not present exceptional circumstances. Colbert offers no excuse for the more than 2-year delay between the expiration of the 2-year limitation period found in section 590.01, subdivision 4(a), and the filing of this petition, and Colbert points to no prejudice caused by the State.

tion for postconviction relief.[3]

Affirmed.

**3.** Because we conclude that Colbert's petition is time-barred by subdivision 4(c), we do not reach the State's argument that review of Colbert's claims is procedurally barred by *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976).