*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1733**

Julio Cesar Garcia-Gomez, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 31, 2015
Affirmed
Peterson, Judge**

Olmsted County District Court
File No. 55-CR-11-950

Allan Witz, Witz Law, P.A., Rochester, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Peterson, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from a denial of postconviction relief, appellant argues that his petition satisfied the interests-of-justice exception to the two-year limitations period and

that he should be entitled to withdraw his plea because his attorney provided ineffective assistance by failing to advise him of potential immigration consequences. We affirm.

## FACTS

Appellant Julio Cesar Garcia-Gomez is not a United States citizen. On February 17, 2011, appellant, represented by counsel, pleaded guilty to one count of gross-misdemeanor driving while impaired and one count of misdemeanor domestic assault. Appellant signed a standard-form plea petition, which stated in paragraph six, "I understand that if I am not a citizen of the United States, my plea of guilty to this crime may result in deportation, exclusion from admission to the United States or denial of naturalization as a United States citizen." When questioned by the district court about the plea petition, appellant stated that he read the entire document before signing it, went through it with his attorney, and felt that he fully understood it and did not need additional time to discuss it with his attorney.

On May 9, 2013, appellant received notice that proceedings to remove him from the United States had been commenced. The reason for removal was appellant's guilty plea to domestic assault.

On April 10, 2014, appellant, represented by a new attorney, filed a petition for postconviction relief, seeking to withdraw his February 17, 2011 guilty plea on the ground that his first attorney provided ineffective assistance by failing to advise him of the potential immigration consequences of pleading guilty to domestic assault. *See Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 1486 (2010) (holding that the Sixth Amendment to the United States Constitution requires counsel to provide legal

advice regarding the immigration consequences of a guilty plea). At the evidentiary hearing on the postconviction petition, appellant's first attorney testified that he did not specifically recall going through the plea petition with appellant but that his standard practice is to review the petition line-by-line with a defendant. The attorney testified that he knew that appellant is not a United States citizen and, therefore, he would have specifically gone over paragraph six of the plea petition with appellant and advised him that a plea could result in future immigration consequences. The attorney testified that when a defendant is not a United States citizen, his standard practice is to tell the defendant that he can take time to consult with an immigration attorney if desired.

The district court dismissed appellant's petition as untimely under the two-year limitations period in Minn. Stat. § 590.01, subd. 4(a)(1) (2014). This appeal followed.

## D E C I S I O N

An appellate court reviews the denial of a postconviction petition for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted). Legal issues are reviewed de novo, but review of the postconviction court's factual findings is limited to whether the record evidence is sufficient to support the findings. *Rickert v. State*, 795 N.W.2d 236, 239 (Minn. 2011).

When no direct appeal is filed, a postconviction petition must be filed within two years of "the entry of judgment of conviction or sentence." Minn. Stat. § 590.01, subd. 4(a)(1). Appellant was sentenced on February 17, 2011, so the two-year limitations

3

period expired on February 17, 2013, more than one year before appellant filed his postconviction petition. But the court may hear an untimely petition if it meets one of five statutory exceptions and is "filed within two years of the date the claim arises." *Id.*, subd. 4(b)-(c) (2014). Appellant argues that his petition qualifies under the interests-of-justice exception, which requires the petitioner to establish "that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5).

In *Sanchez v. State,* the supreme court held that a claim under the interests-of-justice exception arises "when the petitioner knew or should have known that he had a claim." 816 N.W.2d 550, 560 (Minn. 2012). In *Sanchez,* the petitioner argued that his claim arose only after "he had actual, subjective knowledge" of the claim. *Id.* at 558. The supreme court specifically rejected use of a subjective standard and adopted the objective "knew or should have known" standard. *Id.* at 558-60. When a claim arises under the interests-of-justice exception is a question of fact that we review for clear error. *Id.* at 560.

Appellant argues that "[n]either [he], nor any other petitioner on substantially the same facts could objectively have known that their counsel was ineffective until a triggering event like a notice of deportation." But the district court found:

> [Appellant], in the exercise of reasonable diligence, should have found out that domestic violence is a deportable offense. He was expressly alerted to this possibility on February 17, 2011 by the terms of his written plea petition and by his attorney's advice. He was told that he may wish to consult with an immigration expert. It is not reasonable, under these circumstances, that [appellant] remained oblivious to this fact for some 27 months.

4

The record evidence supports the district court's finding that appellant was alerted to the possibility that domestic assault is a deportable offense on February 17, 2011. Under *Sanchez*, the district court did not err in finding that appellant's interests-of-justice claim arose more than two years before he filed his postconviction petition.

Even if appellant's interests-of-justice claim arose within two years of when he filed his postconviction petition, the interests-of-justice exception does not apply. The supreme court has "made clear" that "the interests-of-justice referred to in subdivision 4(b)(5) relate to the *reason* the petition was filed after the 2–year time limit in subdivision 4(a), not the *substantive claims* in the petition." *Id.* at 557.

> In other words, the interests-of-justice exception is triggered by an injustice that *caused* the petitioner to miss the primary deadline in subdivision 4(a), not the *substance* of the petition. When the only injustice claimed is identical to the substance of the petition, and the substance of the petition is based on something that happened before or at the time a conviction became final, the injustice simply cannot have caused the petitioner to miss the 2–year time limit in subdivision 4(a), and therefore is not the type of injustice contemplated by the interests-of-justice exception in subdivision 4(b)(5).

*Id.* The injustice claimed by appellant, that before he received notice of proceedings to remove him from the United States, he did not know that he could be deported for pleading guilty to domestic assault, is identical to the substantive claim of ineffective assistance raised in the postconviction petition.

Finally, appellant argues that his untimeliness should be excused under the doctrine of equitable tolling. The supreme court has declined to decide whether the time limit in subdivision 4(c) is subject to equitable tolling. *Id.* 560-61 (stating that time limit

5

in subdivision 4(c) is nonjurisdictional but declining to decide whether it is subject to equitable tolling).  Even if the time limit is subject to equitable tolling, equitable tolling only applies when an "extraordinary circumstance" is present; an extraordinary circumstance is something completely outside of the defendant's control, for example, a state actor or other "paramount authority" prevented a defendant from diligently pursuing relief.  *Id.* at 562 (quotation omitted).  There is no record evidence that anything prevented appellant from diligently pursuing relief.  To the contrary, appellant's attorney advised him on February 17, 2011, that a guilty plea could have future immigration consequences and offered him time to consult with an immigration attorney.

The district court did not abuse its discretion in denying appellant postconviction relief.

**Affirmed.**