**STATE of Minnesota, Respondent,**

v.

**David Lee BROOKS, Appellant.**

No. C9–96–1503.

Court of Appeals of Minnesota.

Nov. 19, 1996.

Hubert H. Humphrey, III, Attorney General, St. Paul, for respondent.

Raymond F. Schmitz, Olmsted County Attorney, James S. Martinson, Assistant County Attorney, Rochester, for respondent.

Lawrence W. Pry, Assistant State Public Defender, St. Paul, for appellant.

Considered and decided by PARKER, P.J., and WILLIS and FOLEY,* JJ.

## OPINION

PARKER, Judge.

Appellant David Lee Brooks argues that the trial court exceeded statutory authority by adding a five-year conditional release term to his executed prison sentence. We modify the sentence.

## FACTS

Brooks pled guilty to burglary in the first degree in violation of Minn.Stat. § 609.582, subd. 1(a), and also pled guilty to a separate, unrelated gross misdemeanor charge of fifth-degree assault. He was sentenced to 30 months in prison for the burglary, with a concurrent sentence for the assault. The court stayed execution of his sentence and

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

placed him on 20 years supervised probation. As a condition of his probation, he was required to serve 180 days in jail, to abstain from using alcohol or drugs, and to submit to random drug testing. After release, one of Brooks' random drug samples tested positive for cocaine use. The court revoked his probation and ordered the original 30–month sentence to be executed. The order included, as a new requirement not included in Brooks' original sentence, a five-year conditional release term.

On receipt of Brooks' brief on appeal, the state submitted a letter to this court conceding that the trial court should not have sentenced Brooks to a term of conditional release following the revocation of his probation and his incarceration for burglary. The state further commented that it does not oppose the relief sought by Brooks.

## ISSUE

Did the trial court exceed statutory authority by adding a conditional release term to Brooks' originally imposed and executed sentence?

## DISCUSSION

On appeal from a judgment, [this] court may review any pretrial or trial order or ruling, whether or not a motion for new trial has been made * * *. The court may review any other matter as the interests of justice may require.

Minn. R.Crim. P. 28.02, subd. 11.

Minn.Stat. §§ 609.095 and 609.10 set general limitations on the sentencing authority of the district court. Minn.Stat. § 609.095 (1994) provides:

No other or different sentence or punishment shall be imposed for the commission of a crime than is authorized by this chapter or other applicable law.

Minn.Stat. § 609.10 (1994) provides, in part:

Upon conviction of a felony and compliance with the other provisions of this chapter the court, if it imposes sentence, may sentence the defendant to the extent authorized by law as follows: (1) to life imprisonment; or (2) to imprisonment for a fixed term of years set by the court; or (3) to both imprisonment for a fixed term of years and payment of a fine; or (4) to payment of a fine without imprisonment or to imprisonment for a fixed term of years if the fine is not paid; or (5) to payment of court-ordered restitution in addition to either imprisonment or payment of a fine, or both; or (6) to payment of a local correctional fee * * *.

Only two statutes authorizing a term of conditional release following completion of an executed term of imprisonment have been cited to this court, and we have identified no others. The patterned sex offender statute, Minn.Stat. § 609.1352, subd. 5, and the criminal sex offender provision, Minn.Stat. § 609.346, subd. 5(a), both allow the offender to be placed on conditional release upon completion of the imposed sentence term. It appears that there is no statutory authority to require an offender who has completed an executed sentence to serve a term of conditional release.

Brooks was neither sentenced as a patterned sex offender nor convicted of criminal sexual assault. We hold, therefore, that the trial judge exceeded his statutory authority by ordering Brooks to serve a five-year term of conditional release following his release from prison.

## DECISION

We modify the sentence by vacating the five-year conditional release term imposed by the trial court.

**Sentence ordered modified.**