*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1844**

Christopher Eugene Wheeler, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 29, 2015
Affirmed
Schellhas, Judge**

Crow Wing County District Court
File No. 18-KX-98-000817

Cathryn Middlebrook, Chief Appellate Public Defender, F. Richard Gallo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, John J. Sausen, Assistant County Attorney, Brainerd, Minnesota (for respondent)

        Considered and decided by Schellhas, Presiding Judge; Larkin, Judge; and Reyes, Judge.

**UNPUBLISHED OPINION**

**SCHELLHAS**, Judge

Appellant challenges the district court's denial of his motion to correct his sentence, arguing that the conditional-release portion of his sentence is unauthorized by law. We affirm.

## FACTS

In April 1998, 16-year-old victim L.W. disclosed sexual abuse to a mandated reporter. L.W. subsequently told a police investigator that her adult brother, appellant Christopher Eugene Wheeler, had forced her to engage in sexual intercourse "since she was 10 years old . . . on numerous locations [sic] at various locations." Respondent State of Minnesota charged Wheeler with two counts of first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(a) (sexual penetration with complainant under 13 years of age and more than 36 months younger than actor), (g) (sexual penetration with complainant under 16 years of age and with significant relationship to actor).

The state and Wheeler reached a plea agreement in October 1998. In accordance with that agreement, the state amended the complaint; Wheeler pleaded guilty to two counts of second-degree criminal sexual conduct under Minn. Stat. § 609.343, subd. 1(g) (sexual contact with complainant under 16 years of age and with significant relationship to actor), and admitted to violating the terms of his probation on two prior convictions of third-degree criminal sexual conduct; and the district court sentenced Wheeler to 97.5 months' imprisonment and 10 years' conditional release for the first conviction of second-degree criminal sexual conduct, 90 months' consecutive imprisonment and 10

years' consecutive conditional release for the second conviction of second-degree criminal sexual conduct, and 18 months' consecutive imprisonment and 10 years' consecutive conditional release for each of the two probation violations.

In July 2014, Wheeler moved for correction of his sentence under Minn. R. Crim. P. 27.03, seeking removal of the conditional-release periods which he was then serving. The district court denied the motion.

This appeal follows.

## D E C I S I O N

A sentence that is unauthorized by law may be corrected at any time. Minn. R. Crim. P. 27.03, subd. 9. "[Appellate courts] review the district court's denial of a motion to correct a sentence for an abuse of discretion. Specifically, [appellate courts] review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard." *Townsend v. State*, 834 N.W.2d 736, 738 (Minn. 2013) (citation omitted), *cert. dismissed*, 134 S. Ct. 1038 (2014).

"When a statute mandates a period of conditional release, any sentence that omits the conditional-release period is unauthorized." *Kubrom v. State*, ___ N.W.2d ___, ___, 2015 WL 1514004, at *3 (Minn. App. Apr. 6, 2015) (citing *State v. Humes*, 581 N.W.2d 317, 319 (Minn. 1998)). Relatedly, a sentence that includes a conditional-release period, despite the absence of a statute expressly providing for such inclusion, is a sentence that is unauthorized by law. *See State v. Brooks*, 555 N.W.2d 761, 762 (Minn. App. 1996) (stating that "[i]t appears that there is no statutory authority to require an offender who has completed an executed sentence to serve a term of conditional release," and holding

3

that district court therefore "exceeded [its] statutory authority by ordering [defendant] to serve a five-year term of conditional release following his release from prison"); *cf. Miller v. State*, 714 N.W.2d 745, 747–48 (Minn. App. 2006) (reasoning that district court had no sentencing power to impose consecutive terms of conditional release when legislature did not provide clear statement authorizing same, and concluding that defendant's "consecutive conditional release sentences were unauthorized as a matter of law").[1]

In 1992, the Minnesota Legislature mandated the inclusion of a conditional-release period in the sentence for a conviction of criminal sexual conduct in the first, second, third, or fourth degree.[2] *See* 1992 Minn. Laws ch. 571, art. 1, § 25, at 2002 (providing that "[t]he court *shall* sentence a person convicted for a violation of section 609.342, 609.343, 609.344, or 609.345 to serve a supervised release term of not less than five years" and "*shall* sentence a person convicted for a violation of one of those sections a second or subsequent time . . . to serve a supervised release term of not less than ten years" (emphasis added));[3] *Humes*, 581 N.W.2d at 319 (concluding that "the plain language of [Minn. Stat. § 609.346, subd. 5(a)] clearly indicates that a conditional release

---

[1] As noted by the district court in this case, "[*Miller*] involved a matter of first impression in 2006, and [Wheeler] has not provided any authority to establish that [*Miller*'s prohibition of consecutive conditional-release periods] . . . appl[ies] retroactively" to Wheeler's 1998 sentence, which included consecutive conditional-release periods.

[2] That legislative mandate was originally codified at Minn. Stat. § 609.346, subd. 5(a) (1992), and is now codified at Minn. Stat. § 609.3455, subds. 6–7 (2014). *See* 2005 Minn. Laws ch. 136, art. 2, § 21, at 929, 931–32; 1992 Minn. Laws ch. 571, art. 1, § 25, at 2002.

[3] In 1993, this "supervised release" was renamed "conditional release." *See* 1993 Minn. Laws ch. 326, art. 9, § 9, at 2089.

4

term must be included in the sentence of every sex offender covered" by it). But the requirement of a conditional-release period does not apply to criminal sexual conduct that was committed before August 1, 1992. *See* 1992 Minn. Laws ch. 571, art. 1, § 29, at 2002–04 (providing that "[s]ections . . . 10 to 26 are effective August 1, 1992, and apply to crimes committed on or after that date").

In this case, Wheeler's sentence for his criminal-sexual-conduct convictions includes conditional-release periods. Wheeler now asserts that the plea record does not show that he committed the offenses on or after August 1, 1992. Accordingly, he argues, the conditional-release portion of his sentence is unauthorized by law, since no statute that was applicable on the date(s) of his offenses provides for the inclusion of a conditional-release period in a sentence for second-degree criminal sexual conduct.

"It is well established that a defendant, by his plea of guilty, in effect judicially admits the allegations contained in the complaint." *Rickert v. State*, 795 N.W.2d 236, 242 (Minn. 2011) (quotation omitted). Indeed, "the entry of a guilty plea has the legal effect of establishing the facts alleged in the complaint by judicial admission." *Id.* at 243 n.3. The date on which an offense occurred is a question of fact. *State v. DeRosier*, 719 N.W.2d 900, 903–04 (Minn. 2006).

Here, the charging portion of the April 1998 complaint alleges that "on the past six years at various locations," Wheeler committed first-degree criminal sexual conduct by "engag[ing] in sexual penetration with [L.W.]" before her 13th birthday while being more than 36 months older than L.W. and by "engag[ing] in sexual penetration with [L.W.]"

5

before her 16th birthday while being in a significant relationship with her.[4] Although Wheeler pleaded guilty to two counts of *second*-degree criminal sexual conduct (sexual contact with complainant under 16 years of age and with significant relationship to actor), as charged in a "new complaint," the record contains no amended complaint and nothing to indicate that the state ever amended the April 1998 complaint's offense-date allegation. Therefore, by entering his guilty plea, Wheeler judicially admitted that the offenses occurred "on the past six years." And at his plea hearing, Wheeler also admitted, in relevant part, (1) that he had had at least "two separate occasions" of sexual contact with L.W. before her 16th birthday—i.e., before February 19, 1998—and (2) that he was being charged with sexual contact "that took place in a time frame probably as far back as 1992."

The supreme court faced similar facts in *Rickert*, a case in which the defendant pleaded guilty to first-degree criminal sexual conduct and received a sentence that included "the 10-year conditional release term mandated by section 609.3455, subdivision 6, for crimes committed on or after August 1, 2005." 795 N.W.2d at 238. At his plea hearing, "[the defendant] admitted that he engaged in sexual penetration with [the victim] 'on a number of occasions, between the time periods of 2003 and 2006.'" *Id.* On appeal, the defendant argued that the plea record was "insufficient to establish that

---

[4] The parties also discuss language from the probable-cause portion of the April 1998 complaint—namely, that "[L.W.] stated that since she was 10 years old . . . Wheeler . . . forced her to engage in sexual intercourse on numerous locations [sic] at various locations." Because the quoted language merely reports L.W.'s statement, rather than alleging as fact the substance of that statement, we do not consider it. *Cf. Rickert*, 795 N.W.2d at 243 n.3 (stating that "a guilty plea has the legal effect of establishing the *facts alleged* in the complaint" (emphasis added)).

any conduct occurred after August 1, 2005." *Id.* at 242. The supreme court rejected that argument, first noting that the complaint alleged that the sexual penetration had occurred "'[o]n or about 2003 *through* 2006'" and determining that the defendant's guilty plea was a judicial admission of the offense-date allegation. *Id.* at 243 (emphasis added). The court continued: "The word 'through' is commonly understood to mean 'from the beginning to the end.' *The American Heritage Dictionary of the English Language* 1870 (3d ed. 1992). Thus, by his guilty plea, [the defendant] judicially admitted that he sexually penetrated [the victim] in 2006." *Id.*

Similarly here, Wheeler's admission at his plea hearing—that the sexual contact with which he was being charged "took place in a time frame probably as far back as 1992"—is tantamount to an admission that the sexual contact had occurred "since" 1992. "Since" may mean "[c]ontinuously from the time when." *The American Heritage Dictionary of the English Language* 1624 (4th ed. 2006). Wheeler's plea-hearing admission, then, supports a finding that the sexual contact began sometime in 1992 and extended *beyond* 1992. Such an interpretation of Wheeler's plea-hearing admission is bolstered by his judicial admission of the April 1998 complaint's allegation that the offenses occurred "on the past six years." "On" may be "[u]sed to indicate occurrence at a given time." *Id.* at 1228. Consequently, Wheeler's judicial admission supports a finding that the sexual contact occurred at the given time of 1992 through 1998.

Wheeler's plea-hearing and judicial admissions defeat his attempts to rely on *State v. Goldenstein*, 505 N.W.2d 332 (Minn. App. 1993), *review denied* (Minn. Oct. 19, 1993). In *Goldenstein*, the district court used guidelines with an effective date of

7

August 1, 1989, to sentence the defendants for criminal sexual conduct alleged to have occurred between May 1987 and May 1990. 505 N.W.2d at 336, 339. On appeal, this court considered the impact of the state's "fail[ure] to present evidence establishing that the offense occurred after August 1, 1989," ultimately concluding that the district court "erred in sentencing [the defendants] as though the single incident of sexual misconduct occurred after August 1, 1989." *Id.* at 339–40, 348. But *Goldenstein* involved convictions after a jury trial at which "no trial testimony addressed the dates of the offense." *Id.* at 348. Wheeler, in contrast, made multiple admissions addressing the dates of his offenses, rendering *Goldenstein* inapposite.

We acknowledge that Wheeler's plea petition indicates that the offenses, as originally charged, were "committed on or about Feb. 19, 1992." Apparently, this date— L.W.'s tenth birthday—was used to correspond with L.W.'s statement to the investigator that Wheeler had forced her to engage in sexual intercourse "since she was 10 years old." But the facts established by Wheeler's guilty plea are not limited by the contents of his plea petition, and the offense date on the petition does not control here. *See Rickert*, 795 N.W.2d at 242–43 (treating as established facts defendant's admissions at plea hearing and his judicial admissions of facts alleged in complaint); *cf. State v. Bishop*, 545 N.W.2d 689, 691–92 (Minn. App. 1996) ("[I]n determining whether the offenses in this case arose out of the same behavioral incident, the trial court was not restricted to [defendant]'s recitation of the facts in his [plea] petition. Rather, the court properly reviewed the entire record, including the [plea] petition and the transcript of the plea hearing, to determine whether [defendant]'s two offenses were separate and distinct.").

We conclude that the district court did not clearly err in finding that some of the sexual contact between Wheeler and L.W. took place after August 1992. Thus, the conditional-release statute applies notwithstanding the possibility that some of the sexual contact preceded August 1992. *See Rickert*, 795 N.W.2d at 242–43 (concluding that amended conditional-release statute applied to defendant's offense of first-degree criminal sexual conduct, even though statute's effective date was August 1, 2005, where defendant judicially admitted to sexual penetration with victim "on or about 2003 through 2006" (quotation marks omitted)). The conditional-release portion of Wheeler's sentence was authorized by law.

We also note that the supreme court recently stated that "where the sentence at issue is imposed as part of a plea agreement, a motion to change that sentence impacts more than simply the sentence, and Rule 27.03 does not apply." *State v. Coles*, 862 N.W.2d 477, 481 (Minn. 2015). Such a motion "is properly viewed as a petition for postconviction relief under Minn. Stat. § 590.01, not as a motion to correct a sentence under Rule 27.03," and is subject to the two-year time bar on postconviction petitions. *Id.* at 482. Here, Wheeler's 1998 sentence was imposed as part of a plea agreement, and Wheeler did not move to correct his sentence until 2014. Nevertheless, because the state did not raise this issue prior to oral argument, we do not consider it. *See State v. Morrow*, 834 N.W.2d 715, 724 n.4 (Minn. 2013) (stating that issue raised for the first time on oral argument was waived).

**Affirmed.**

9