*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0466**

State of Minnesota,
Respondent,

vs.

Forrest Grant Noggle,
Appellant.

**Filed August 24, 2015
Affirmed
Smith, Judge**

Dodge County District Court
File No. 20-CR-07-474

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Paul J. Kiltinen, Dodge County Attorney. Mantorville, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Peterson, Judge; and Smith,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH**, Judge

We affirm because the mandatory conditional-release period under Minn. Stat.
§ 609.3455, subd. 6 (2006), applies to convictions for attempts of the enumerated crimes
and because a finding that the need for confinement outweighed the policies supporting
probation was not required when confinement would not result from revocation.

FACTS

On May 10, 2007, appellant Forrest Noggle initiated a chat conversation over the internet with a law enforcement officer posing as a 14-year-old girl. Noggle "made clear he would like to engage in sexual activities" with the girl, then arranged to meet her. On his arrival at the meeting place, law enforcement officers arrested Noggle.

The state charged Noggle with solicitation of children to engage in sexual conduct and attempted third-degree criminal sexual conduct. Noggle pleaded guilty to attempted third-degree criminal sexual conduct, and the district court dismissed the solicitation charge. The district court stayed adjudication of guilt and placed Noggle on probation.

In December 2008, the district court revoked the stay of adjudication after Noggle violated his probation conditions, then it stayed imposition of his sentence. In 2013, the state filed another probation violation report in both this case and a Benton County case, where Noggle was on probation for possession of pornography involving minors. In Benton County, Noggle's probation was revoked and a 27-month sentence was imposed.

In January 2015, the district court held a violation hearing for the 2013 probation violation. Noggle's defense counsel informed the district court that Noggle had already served more than his 18-month sentence because of the Benton County case and that, if his sentence was executed, Noggle would not serve additional time. The district court found that Noggle had violated conditions of his probation and that the violations were intentional and inexcusable, but it did not make a finding that the need for confinement outweighed the policies favoring probation after confirming that Noggle waived that finding. The district court executed an eighteen-month sentence, to be served

concurrently with Noggle's Benton County sentence, and imposed a ten-year conditional release term.

## DECISION

## I.

Noggle argues that, because he was convicted of *attempted* third-degree criminal sexual conduct, the district court erred by imposing a conditional-release period after his prison commitment. Noggle contends that the language of Minn. Stat. § 609.3455, subd. 6 (2006), permits a conditional-release period only for a "violation" of section 609.345 and that an attempt is not a violation. In the alternative, Noggle suggests that the term should be five years, not ten, because Minn. Stat. § 609.17, subd. 4(2) (2006), states that defendants convicted of attempted crimes should be sentenced to no more than "one-half of the maximum imprisonment" for the completed crime. A sentence that is unauthorized by law may be corrected at any time. Minn. R. Crim. P. 27.03, subd. 9. "Interpretation of a sentencing statute is a question of law which this court reviews de novo." *State v. Borrego*, 661 N.W.2d 663, 666 (Minn. App. 2003).

A sentence that includes a conditional-release period that is not expressly authorized by a statute is unauthorized by law. *See State v. Brooks*, 555 N.W.2d 761, 762 (Minn. App. 1996) (stating that "[i]t appears that there is no statutory authority to require an offender who has completed an executed sentence to serve a term of conditional release," and holding that the district court "exceeded [its] statutory authority by ordering [defendant] to serve a five-year term of conditional release following his release from prison").

3

Noggle argues that if the legislature had intended to include attempts in the list of enumerated offenses for which a conditional-release period may be imposed under Minn. Stat. § 609.345, it would have done so expressly—as it has done in defining the terms "conviction," *see* Minn. Stat. § 609.3455, subd. 1(a)(b) (2006), and "sex offense," *see id.*, subd. 1(h) (2006). Instead, section 609.3455, subds, 9(b), 6, impose a conditional-release period for "a violation of section . . . 609.345," which language, Noggle argues, does not include attempts.

Noggle's argument that the term "violation" does not include attempt is unpersuasive. First, Minnesota courts routinely describe attempt crimes as violations of both the attempt statute, Minn. Stat. § 609.17 (2006), and the statute defining the crime attempted. *See, e.g.*, *State v. Vang*, 847 N.W.2d 248, 255 (Minn. 2014) ("[A]ttempted first-degree felony murder (drive-by shooting), in violation of Minn. Stat. §§ 609.17 (2012), 609.185(a)(3)"). Because a defendant cannot be convicted of attempt without an underlying crime that was attempted, any conviction for an attempted crime is a violation of both the attempt statute and the statute defining the underlying crime.

Second, attempt convictions do not affect whether the conditional-release period is mandatory or not. The Minnesota Sentencing Guidelines refer to attempt as a "sentence modifier," rather than a crime distinct from the attempted offense. Minn. Sent. Guidelines 2.A.5 (2015); *see also* Minn. Sent. Guidelines 2.G.1 (2015) ("Sentence modifiers are statutes that aid in defining the punishment for the underlying offense.").

Third, the statute limiting punishment for attempts to one-half the punishment for completed offenses does not govern the conditional-release period because the subdivision is expressly limited to "imprisonment or fine." Minn. Stat. § 609.17, subd.

4

4(2). "The doctrine expressio unius est exclusio alterius means that the expression of one thing is the exclusion of another." *State v. Caldwell*, 803 N.W.2d 373, 383 (Minn. 2011). Therefore, by stating that imprisonment and fines may be halved for attempt convictions, we may infer that the legislature intentionally excluded conditional-release periods from reduction. *See id.* In addition, the Minnesota Supreme Court has held that specific statutes, like those that govern the sentencing of sex offenders, control over general statutes, like the attempt statute. *State v. Ronquist*, 600 N.W.2d 444, 447 (Minn. 1999).

Noggle cites *State v. Johnson*, 756 N.W.2d 883, 895 (Minn. App. 2008), *review denied* (Minn. Dec. 23, 2008), for the contention that to impose the full ten-year conditional-release period would ignore the policy of treating attempt crimes as less-serious offenses than completed crimes. However, *Johnson* is inapposite because it considers permissive consecutive sentencing under a provision that separately listed one attempt offense but no others, not a mandatory conditional-release period imposed where all attempts of the designated offenses are treated the same. *Johnson*, 756 N.W.2d at 895. Therefore, the district court did not err by ordering a ten-year conditional-release period.

## II.

Noggle also argues that the district court erred by revoking his probation without making a finding that the need for confinement outweighed the policies favoring probation. "[W]hether a lower court has made the findings required under *Austin* presents a question of law," which we review de novo. *State v. Modtland*, 695 N.W.2d 602, 605 (Minn. 2005).

A district court must make three findings to revoke a defendant's probation: (1) that the defendant violated a specific condition or conditions; (2) that the violations

5

were intentional or inexcusable; and (3) that the need for confinement outweighs the policies favoring probation. *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980). "[D]efendants do not bear the burden of requesting that district courts make the required *Austin* findings." *Modtland*, 695 N.W.2d at 606.

Here, defense counsel noted at the violation hearing that, if the district court executed Noggle's sentence, he would not serve any additional time because he had already been in custody for longer than his sentence, therefore the executed sentence would only trigger conditional release. The district court thus made findings on the first two *Austin* factors. Regarding the third, the prosecutor asked, "Are they waiving [the] third *Austin* factor?," and defense counsel replied, "Yes, Your Honor." The district court made no findings on the third factor and proceeded directly to sentencing.

Here, the district court properly allowed Noggle to waive a finding on the third factor because none of the reasons behind the third *Austin* factor applied when confinement was not a possible outcome. Simply put, a finding that the need for confinement outweighed the policies favoring probation would have been nonsensical under the circumstances. Therefore, we find that the district court did not err by revoking Noggle's probation because a finding on the third *Austin* factor was not required when confinement would not result from revocation.

**Affirmed.**