*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1769**

Wayne Deante Akis, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 13, 2016
Affirmed
Jesson, Judge**

Ramsey County District Court
File No. 62-CR-11-9056

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Attorney General, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Hooten, Presiding Judge; Jesson, Judge; and Reilly, Judge.

## UNPUBLISHED OPINION

**JESSON**, Judge

Appellant Wayne Akis challenges the summary denial of his petition for postconviction relief, arguing (1) that he should be permitted to withdraw his guilty plea

based on newly discovered evidence, a *Brady* violation, a due-process violation, a manifest injustice, and ineffective assistance of counsel; and (2) that he is entitled to an evidentiary hearing. We affirm.

**FACTS**

In November 2011, Akis was charged with fifth-degree controlled-substance crime. The complaint alleged that on October 12, 2011, police observed Akis and several other individuals in a parked car, hunched over, and looking down at something. As officers approached, they saw Akis holding a package containing suspected crack cocaine. When Akis saw the officers approaching, he threw the package in the backseat of the car. Police recovered the package and interviewed Akis. He admitted that he knew drugs were in the car and told police that they were for his father, who smokes crack cocaine. The substance in the package was later examined at the St. Paul Police Department Crime Laboratory (SPPDCL) where it tested positive for cocaine.

As part of a global settlement agreement involving another file, Akis pleaded guilty to the charged offense on July 2, 2012. At his plea hearing, Akis admitted to possessing cocaine. He agreed that the substance in his possession tested positive for cocaine and that he had no reason to dispute the validity of that test. On September 13, 2012, Akis was sentenced to 17 months in prison, which was stayed for three years. Akis was represented by counsel at his plea and sentencing hearings.

In mid-July 2012, the SPPDCL came under public scrutiny and was the subject of a hearing in an unrelated Dakota County district court case. Independent reviews indicated significant problems in the laboratory protocols and testing procedures at the SPPDCL. In

2

light of these problems, Akis filed a postconviction petition on September 15, 2014,[1] arguing that he should be allowed to withdraw his guilty plea or be granted an evidentiary hearing because (1) the deficient SPPDCL testing is newly discovered evidence; (2) the state violated *Brady v. Maryland*, 373 U.S. 220, 83 S. Ct. 1194 (1963), by not disclosing the deficient testing; (3) the state violated Akis's due-process rights by using unreliable scientific evidence to obtain his guilty plea; (4) Akis's guilty plea was not accurate, voluntary, or intelligent; and (5) he received ineffective assistance of counsel. The district court denied Akis's petition without a hearing. This appeal follows.

## D E C I S I O N

### I.

We review a summary denial of a petition for postconviction relief for an abuse of discretion. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). The postconviction court abuses its discretion when its decision is based on an erroneous application of the law or is against logic and the facts of the case. *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted).

Akis challenges the summary denial of his postconviction petition, arguing that, in light of the deficiencies at the SPPDCL, the postconviction court abused its discretion by denying his motion to withdraw his guilty plea. We disagree. "A guilty plea by a counseled

---

[1] A postconviction petition is time barred if brought more than two years after sentencing and no direct appeal was filed. Minn. Stat. § 590.01, subd. 4(a)(1) (2014). Akis's petition was timely. If the two-year period expires on a weekend or holiday, the time is extended to the next day that is not a weekend or a holiday. *Rickert v. State*, 795 N.W.2d 236, 240 n.1 (Minn. 2011). The two-year period ended on September 13, 2014, but that day fell on a Saturday. Akis filed his petition on September 15, the following Monday.

defendant has traditionally operated . . . as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986). Because Akis had counsel and entered a guilty plea, all non-jurisdictional arguments raised in his postconviction petition were waived. The only substantive arguments raised by Akis that were not waived by his guilty plea consist of his manifest-injustice and ineffective-assistance-of-counsel claims. We address each claim in turn.

## A. Manifest Injustice

A court must allow a defendant to withdraw his guilty plea when "necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs and a guilty plea is invalid if it is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). Akis argues that his plea was not accurate, voluntary, or intelligent. We disagree.

### 1. Accurate

For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). There must be sufficient facts on the record to support each element of the charged offense. *State v. Iverson*, 664 N.W.2d 346, 349-50 (Minn. 2003). Typically, the factual basis is established by the defendant's sworn admission to the conduct constituting the offense. *Ecker*, 524 N.W.2d at 716.

Akis claims that his plea is inaccurate because the record does not contain "reliable, scientific evidence" identifying the substance in his possession as cocaine. He argues that his belief that the substance was cocaine is not sufficient to prove the identity of the substance. In support of these arguments, Akis cites to cases where the defendant

4

challenged the identity of the controlled substance at trial. These cases are inapplicable. Akis entered a sworn guilty plea during which he admitted to possessing cocaine. Furthermore, Akis's plea was not solely based on his belief that the substance was cocaine. The substance tested positive for cocaine, and Akis admitted at his plea hearing that he had no reason to dispute the results of the positive test. Akis also explicitly waived the right to challenge the state's evidence in his plea petition. Akis signed this plea petition and testified at his plea hearing that he and his attorney reviewed every question on the plea petition together. These facts are sufficient to meet the accuracy requirement.

### 2. *Voluntary*

The voluntariness requirement ensures that "a defendant is not pleading guilty due to improper pressure or coercion." *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010). Akis claims that his plea was involuntary because the SPPDCL test results created an "improper pressure." But if Akis believed the test was erroneous, he could have investigated the results and challenged the test at or before trial. He chose not to do so. Moreover, Akis's signed plea petition states that no one made any threats or promises, other than those contained in the plea agreement, in order to obtain his guilty plea. Akis received a favorable plea deal. The state agreed to dismiss a more serious third-degree controlled-substance charge and agreed to a downward dispositional departure on a gun charge should Akis be found guilty of that charge in a stipulated-facts trial. Akis stated at his plea hearing that he was choosing to plead guilty in order to take advantage of this agreement. Akis cannot demonstrate that he was improperly pressured or coerced into pleading guilty.

### 3. *Intelligent*

A plea is intelligent if the defendant understands "the charges against him, the rights he is waiving, and the consequences of his plea." *Id.* at 96. Akis argues that his plea was not intelligent because he was unaware of the issues at the SPPDCL and did not adequately understand his right to challenge the test results or that he was waiving that right. But at his plea hearing, Akis acknowledged the charges against him and that he was pleading guilty to fifth-degree possession of a controlled substance arising from the October 12, 2011 incident. He also agreed that he had no reason to contest the SPPDCL crime lab results. Furthermore, as stated above, in his plea petition, Akis acknowledged his right to challenge the state's evidence and acknowledged that by pleading guilty he would be waiving that right along with his other trial rights. The plea petition also lists the maximum term of imprisonment that may be imposed for a fifth-degree controlled-substance offense and states the terms of Akis's plea agreement. The terms of the plea agreement were also explained to Akis on the record at the plea hearing. The record shows that Akis understood the charge against him, the rights he was waiving, and the consequences of his plea.

Akis's plea was accurate, voluntary, and intelligent. His plea is valid and he is not entitled to withdraw it.

### B. *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, Akis must demonstrate "(1) that his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Nissalke v. State*, 861 N.W.2d 88, 94

(Minn. 2015) (quotation omitted). An attorney provides objectively reasonable assistance when the attorney exercises the customary skills and diligence that a reasonably competent attorney would exercise under the circumstances. *Dukes v. State*, 621 N.W.2d 246, 252 (Minn. 2001). A reviewing court need not address both prongs of this test if one is dispositive. *Hawes v. State*, 826 N.W.2d 775, 783 (Minn. 2013). Because Akis has failed to demonstrate that his counsel's representation fell below an objective standard of reasonableness, we address only the first prong.

Akis argues that his "attorney did not act reasonably in light of all the circumstances because the attorney did not demand and review the underlying [SPPDCL] file in his case." But this court rejected an identical argument in *Roberts v. State*, 856 N.W.2d 287, 293 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). As in *Roberts*, there is nothing in the record indicating that Akis's attorney failed to advise Akis of the option to challenge the state's evidence, refused Akis's request to challenge the test results, or advised Akis not to challenge the test results. *See id.* Akis also has failed to cite any evidence that would have given his attorney a reason to believe that the substance he possessed was not cocaine. Akis not only admitted at his plea hearing that he possessed cocaine, but the complaint indicates that Akis told police that he knew the drugs were in the car and that they were for his father who smokes crack cocaine.

Moreover, Akis's attorney did make at least a pro forma request for "[n]otice of, and permission to inspect and reproduce any results or reports of . . . scientific tests, experiments or comparisons . . . together with the original notes of the persons who conducted said examinations, tests, experiments, or comparisons." Even if the attorney

had not requested this information or did not actually review the SPPDCL file, the reasonableness of counsel's conduct is judged in view of the facts at the time of the conduct. *State v. Vang*, 847 N.W.2d 248, 267 (Minn. 2014). Akis has not shown that a reasonably competent defense attorney exercising customary skills and diligence would have demanded and reviewed the SPPDCL file prior to the discovery of any issues with the SPPDCL's drug testing.

Finally, Akis's claim that his trial counsel was ineffective for failing to investigate the test results is considered a part of trial strategy, which this court generally does not review. *See Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004). Akis cites to *State v. Nicks* for the proposition that his attorney's failure to challenge the test results is not unreviewable trial strategy. 831 N.W.2d at 493. But in *Nicks*, our supreme court determined that a defense attorney was ineffective where the attorney pursued an initial defense strategy but then inexplicably abandoned that strategy. *Id.* at 506-07. It does not appear that Akis's attorney ever focused his efforts on discrediting the test results. Instead, in light of the facts, including Akis's admission to police that he knew cocaine was in the car, Akis's attorney made a reasonable decision to advise his client to accept a favorable plea offer from the state. Akis is unable to establish that he was denied the effective assistance of counsel.

## II.

When a petition for postconviction relief is filed, the district court must promptly set an evidentiary hearing, "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1

8

(2014). The district court's decision on whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).

Akis contends that the district court abused its discretion by denying his postconviction petition without an evidentiary hearing. He claims that, if given an evidentiary hearing, he would present evidence that the criminalist in his case committed errors, that the SPPDCL test results were not admissible, and that if he had known of the SPPDCL deficiencies, he would not have pleaded guilty. But Akis had his chance to challenge the test results. Instead, he chose to accept the state's favorable plea offer and admit to possessing cocaine. He waived his right to challenge the state's evidence and never claimed that the substance he possessed was not cocaine. Akis cannot demonstrate that the district court abused its discretion by denying his motion for an evidentiary hearing.

**Affirmed.**